ORIGINAL

IN THE UNITED STATES DISTRCIT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ROBERT E. MCDONALD,

                Plaintiffs,

**RECEIVED APR 26 2016 PRO SE OFFICE**

**CV 16  02201**

**Motion to Accept Unsworn Declaration and Financial Statement Under Penalty of Perjury Pursuant to 28 U.S.C. Section 1746(2) and Motion For An ORDER to Proceed In Forma Pauperis**

vs.

**DONNELLY, J.**

**BLOOM, M.J.**

AHMED ELKHOY a.k.a. AHMAD
ELKHOLY a.k.a. OMAR ELKHOLY,

                Defendants.
-----------------------------------------------------------------x

NOW COMES THE PLAINTIFF, Robert E. McDonald, the PLAINTIFF, moves this honorable court to accept and receive the unsworn declaration pursuant to 28 U.S.C. Section 1746(2) and for an ORDER to proceed in forma pauperis. Plaintiff submits this Memorandum of Law and the hereto attached Declaration and Financial Statement submitted herein in support of this motion.

This Court has jurisdiction to hear and resolve this matter pursuant to 28 U.S.C. Section 1332(a)(1) and (e).

## DECLARATIONS HAVE THE FORCE AND EFFECT OF AN AFFIDAVIT

      Plaintiff has attached an unsworn Declaration and Financial Statement in support of this motion to proceed in forma pauperis. Because Plaintiff does not have the means to pay the costs of securing a Notary in Puerto Rico, Plaintiff submits the below Memorandum of Law in support of this motion request the Court accept the unsworn Declaration and Financial Statement pursuant to the law briefed below.

### **28 U.S.C. Section 1746(2) - Unsworn Declarations Under Penalty of Perjury**

United States Code Section 1746(2) provides in relevant part:

> *Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:*
> *(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.*

Pursuant to the above statute, the Court may enter an order that specifically requires that an affidavit laying out the financials of the Plaintiff be submitted. Under Section 1746 "any declaration that is to be sworn or certified [in federal proceedings] is admissible in support of an [in forma pauperis] motion if made under penalty of perjury." *(Hameed v. Pundt, 964 F. Supp. 836 Dist. Court (S.D.N.Y. 1997)* The attached Declaration and Financial Statement includes the words "under the penalty of perjury" and therefore deserve to be accepted and reviewed by the Court before any decision was made denying Plaintiff's in forma pauperis motion.

"Although not in the form of an affidavit sworn before a notary public, [this attached Declaration and Financial Statement is admissible under 28 U.S.C. Section 1746 which permits an unsworn declaration made under penalty of perjury to substitute for a sworn affidavit." *(McLaughlin v. Cohen, 686 F. Supp. 454 Dist. Court (S.D.N.Y. 1988)* Therefore, the attached declaration made pursuant to this statute should be given proper consideration and denied only on the merits.

## The Attached Declaration Has the Force and Effect of a Sworn Affidavit

Plaintiff cannot afford to pay for a notary and clearly does not have $400.00 to pay for the filing fee. The attached Declaration specifically outlines the Plaintiff's financial situation and statement as it stands on the date of the Declaration. The Second Circuit has held that "Section 1746 allows for the submission of an unsworn declaration to a court if it is subscribed by [the declarant] as true under penalty of perjury and dated in substantially the form [listed in the statute]." *(LeBoeuf, Lamb, Green and MacRae v. Worsham, 185 F. 3d 61 (2d Cir. 1999)* Plaintiff request that the court accept the attached declaration and consider it independently and on its merit in order to determine if the Plaintiff qualifies for in forma pauperis status. Furthermore, that so long as the Plaintiff as "the declarant complies with the statute by (1) declare or certify, verify, or state;" (2) "under penalty of perjury" and (3) "that the matter is true and correct," it may be accepted even though it has not been notarized. The Second Circuit holds "that 28 U.S.C. Section 1746 requires that a certification of the truth of the matter be expressly made under penalty of perjury." *(In re World Trade Center Disaster Site Litigation, 722 F.3d 483 (2nd Cir. 2013)*

## A Notary Seal is Not Required on an Unsworn Declaration

The Supreme Court has held, "[an] unsworn declaration which lacked notary's seal but indicated that it had been made under penalty of perjury and before a notary was admissible on motion [is admissible in a federal proceeding]." *475 U.S. 1107, 106 S. Ct. 1513, 89 L. Ed 2d 912 (1986)* Following the direction of the Supreme Court and the Second Circuit, courts in this district routinely and regularly permit unsworn declarations in federal proceedings when they meet the standards of Section 1746.

"Under 28 U.S.C. Section 1746, an unsworn declaration made under penalty of perjury has the same evidentiary weight as an affidavit if it includes language in substantially the same form

as that [listed in the statute] followed by a signature and date of execution." *(Cross v. State Farm Ins. Co., 926 F. Supp. 2d 436 Dist. Court (N.D.N.Y. 2013))* Plaintiff request that the court accept the Declaration and Financial Statement pursuant to the statute. In the declaration attached hereto, Plaintiff tracts the specific language in Section 1746 in the declaration in support of his in forma pauperis motion and request that it be admissible for in forma pauperis purposes. "Consistent with federal law, an unsworn declaration is fully admissible on a motion, provided such declaration is signed under penalty of perjury." *(Dilonez v. Fox Linen Service, Inc., 35 F. Supp. 3d 247 Dist. Court (E.D.N.Y. 2014))*

Although the declaration and financial statement attached hereto do not have notary seals, under the law, they are not required to have such seals if they comply with the language requirement of Section 1746. Accordingly, Plaintiffs declaration attached hereto should be acceptable and considered in support of his in forma pauperis motion because it meets the standards required under Section 1746.

**PROCEEDINGSS IN FORMA PAUPERIS**

**28 U.S.C. Section 1915(a)(1) and Section 1915(b)(4)**

Section 1915(a) of 28 U.S.C. provides in relevant part:

> *"any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress"*

Section 1915(b)(4) of 28 U.S.C. provides in relevant part:

> *"In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee*

Plaintiff is requesting in forma pauperis status in a civil action. He completed the court designated form for proceeding in such manner. Plaintiff has complied with the law in requesting in forma pauperis status. Plaintiff's in forma pauperis motion is respectfully submitted to the court for review on the information attached and ask the court to give such information due consideration on its merits.

## The Declaration and Financial Statement

Plaintiff has complied with the law and provided a declaration and financial statement which specifically discloses his assets and financial circumstances. Furthermore, the Plaintiff has complied with the law in having his declaration and financial statement track the exact language of the statute which gives it's the force and effect as well as the same evidentiary weight as an affidavit. Because Plaintiff has complied with the law, he should have a fair an equal review and consideration of his application for in forma pauperis status.

The Declaration and Financial Statement is, for evidentiary purposes, sufficient to support Plaintiff's application because it meets the standards of 28 U.S.C Section 1746. Any denial of Plaintiff's application should not be based on where he stays or what he wears or drives or even where he lives. Under the law, what is relevant, is his assets, earnings, and ability to pay the filing fee. Plaintiff does not have the financial capacity to pay these fees which is why he is defending this action as his own attorney, he cannot afford one. Accordingly, Plaintiff qualifies for in forma pauperis status.

**CONCLUSION**

Plaintiff has demonstrated that he is entitled to the specific relief that he seeks under the law. Plaintiff cannot afford to pay the fee that is required to have his declaration notarized, however he should not be precluded from presenting his declaration and financial statement so long as it complies with the requirements of 28 U.S.C. Section 1746(2). The declaration and financial statement complies with the court's order of October 22, 2015 in support of his application for in forma pauperis status. The declaration and financial statement should be accepted and the application for in forma pauperis granted.

Sincerely,

*Robert E. McDonald*

Robert E. McDonald
PLAINTIFF
Urb. La Providencia
2425 Calle Shequel
Ponce, Puerto Rico 00728

**DATED: April 26, 2016**

917-403-1298