FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 1 5 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

ROBERT E. MCDONALD,

                Plaintiff,

- against -

AHMED Y. ELKHOLU,

                Defendant.

------------------------------------------------------------- X

DECISION AND ORDER
ADOPTING REPORT &
RECOMMENDATION

16 Civ. 2201 (AMD) (LB)

**ANN DONNELLY**, District Judge.

The *pro se* plaintiff, Robert E. McDonald, brings this diversity action against his friend and former business partner, Ahmed Elkholy, the *pro se* defendant. This dispute stems from property that the plaintiff stored in the defendant's garage for more than six years. The plaintiff alleges violations of New York state contract and tort law in connection with that property.[1] (ECF 1.)

On November 29, 2016, the defendant moved to dismiss the plaintiff's complaint in its entirety. (ECF No. 17.) Before setting a briefing schedule, Magistrate Judge Lois Bloom held a number of conferences in an effort to convince the parties to resolve their differences. (ECF 20.) The parties could not come to an agreement, and the plaintiff responsed to the defendant's motion to dismiss on March 14, 2017. (ECF 33.) The plaintiff filed his reply brief on April 4, 2017. (ECF 34.) I referred the fully briefed motion to dismiss to Judge Bloom for a report and recommendation as to whether the motion should be granted.

---

[1] A thorough explanation of the relevant facts are set forth in Magistrate Judge Lois Bloom's report and recommendation. (ECF 35, at 1-3.)

1

On July 27, 2017, Judge Bloom issued a thoughtful and thorough report recommending that the defendant's motion to dismiss be granted in part and denied in part.[2] (ECF 35.) Judge Bloom recommended that I grant the defendant's motion to dismiss all of the plaintiff's claims, except for his claim for conversion. While Judge Bloom also advised that any objections must be filed within fourteen days of receipt of the report, neither party has filed any objections.

In considering a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court is not required to review the factual or legal conclusions of a magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

In addition to Judge Bloom's report and recommendation, I have reviewed the complaint and the parties' submissions. I find that the report and recommendation is well-reasoned, thorough, and without any factual or legal errors. Thus, I adopt it in its entirety.

Accordingly, I adopt Judge Bloom's report and recommendation in its entirety. The defendant's motion to dismiss the plaintiff's promissory estoppel, breach of fiduciary duty, unjust enrichment, constructive trust, injurious falsehood, intentional infliction of emotional distress, negligence, fraud, fraudulent misrepresentation, and negligent misrepresentation claims is granted. The defendant's motion to dismiss the plaintiff's claim for conversion is denied.

**SO ORDERED.**

---

[2] On the same day, Judge Bloom's chambers mailed copies of the report and recommendation to the parties via first class mail.

2

s/Ann M. Donnelly
-----------------------------------
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       August 14, 2017