FILED
IN CLERK'S OFFICE
US DISTRICT COURT

★ MAR 25 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT E. MCDONALD,

                Plaintiff,

-against-

AHMED Y. ELKHOLY,

                Defendant.
-------------------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
16-cv-2201 (AMD) (LB)

**ANN M. DONNELLY, United States District Judge:**

On April 26, 2016, the plaintiff, Robert E. McDonald, commenced this action against the defendant, Ahmed Y. Elkholy, alleging various state law contract and tort claims in connection with the storage of the plaintiff's property since 2010 in the defendant's garage. (ECF No. 1.) On December 19, 2017, the parties settled the case during a court conference before the Honorable Lois Bloom, and filed a settlement agreement on March 8, 2018. (ECF Nos. 49, 62.) The settlement agreement required the plaintiff to remove his property from the defendant's garage on May 9, 2018. (ECF No. 62.) The plaintiff failed to do so. (ECF No. 66.) Judge Bloom worked with the parties following the plaintiff's breach of the agreement, and the plaintiff was given several more opportunities to remove his property from the defendant's garage. On October 22, 2018, Judge Bloom issued an order to show cause why the case should not be dismissed for the plaintiff's breach of the settlement agreement. (ECF No. 76.) After a telephone conference with the parties on December 20, 2018, Judge Bloom gave the plaintiff one final opportunity to remove his property from the defendant's garage. (ECF No. 82.) But in a January 15, 2019 telephone conference, the plaintiff stated that he would not be able to remove his property until the end of September of 2019; he suggested that his wife "may be able to

1

remove the property" at that time. (ECF No. 86.) On February 28, 2019, Judge Bloom recommended that I dismiss this case with prejudice in light of the plaintiff's breach of the settlement agreement. (ECF No. 87.) No objections have been filed to the Report and Recommendation, and the time for doing so has passed. (*Id.*)

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

I have carefully reviewed Judge Bloom's thorough and cogent Report and Recommendation. I find no clear error. Accordingly, I adopt the Report and Recommendation in its entirety. The action is dismissed with prejudice.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
March 25, 2019